IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 27, 2022 Session

## MALIK DEWAYNE HARDIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 101617A  Kyle A. Hixson, Judge**
_____

**No. E2021-01244-CCA-R3-PC**
_____

The petitioner, Malik DeWayne Hardin, appeals the partial denial of his Rule 36 motion to correct a clerical error, asserting that a clerical error resulted in his being sentenced as a Range II offender and that he did not receive all the pretrial jail credit he was promised. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and TIMOTHY L. EASTER, JJ., joined.

David L. Bell, Knoxville, Tennessee, for the appellant, Malik DeWayne Hardin.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General (at oral argument); Katherine C. Redding, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Heather N. Good, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

On April 4, 2014, the petitioner pled guilty to possession with intent to sell less than .5 grams of cocaine in a drug free school zone, possession of a firearm during the commission of a dangerous felony, simple possession of marijuana, and criminal trespass. The trial court imposed an effective sentence of fifteen years at 100%. Specifically, the petitioner received a Range II sentence of twelve years for his possession with intent to sell conviction and a Range I sentence of three years for his possession of a firearm conviction,

to be served consecutively, as well as sentences of eleven months and twenty-nine days for possession of marijuana and thirty days for criminal trespass, to be served concurrently. The court awarded pretrial jail credit for the following periods: 05/06/2010-05/25/2010, 06/25/2010-07/01/2010, 04/27/2011-08/05/2011, 09/30/2011-10/13/2011, 11/04/2011-11/23/2011, 02/01/2012-02/08/2012, 03/20/2012-07/11/2012, 07/27/2012-08/03/2012, 09/20/2012-09/25/2012, 04/01/2013-05/18/2013, and 01/22/2014-04/04/2014.

As part of his plea, the petitioner reserved two certified questions of law concerning the validity of his arrest for criminal trespass under the Fourth Amendment and whether there was reasonable suspicion supporting seizure of his automobile. *State v. Malik Hardin*, No. E2014-00873-CCA-R3-CD, 2015 WL 3794588, at *1 (Tenn. Crim. App. June 12, 2015), *perm. app. denied* (Tenn. Oct. 15, 2015). This Court denied relief, determining the petitioner's arrest was reasonable under an exception to the "cite and release" statute, and the search and seizure of the automobile was valid. *Id.* at *7-*9.

The petitioner subsequently filed a petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel and that his guilty pleas were not knowingly and voluntarily entered. *Malik Hardin v. State*, No. E2018-00676-CCA-R3-PC, 2019 WL 5491723, at *1 (Tenn. Crim. App. Oct. 25, 2019), *perm. app. denied* (Tenn. Feb, 20, 2020). The petitioner specifically averred that his guilty pleas were unknowing because he thought he was pleading guilty to a Range I sentence and that the plea agreement was altered after he signed it to reflect he was pleading guilty to a Range II sentence. *Id.* at *2. This Court observed the petitioner had been "advised on multiple occasions during the plea proceedings that his total effective sentence was fifteen years at one hundred percent[ and,] [d]espite being given numerous opportunities to ask the trial court questions[,] . . . stated that he agreed with the terms of the plea agreement[.]" *Id.* at *8. This Court, therefore, concluded the evidence did not preponderate against the post-conviction court's determination "that the [p]etitioner's claim he thought he was receiving eight years at one hundred percent was 'simply not supported by the evidence,' and that the [p]etitioner failed to prove by clear and convincing evidence that the plea was not voluntary." *Id.* at *6 and *8.

Though the transcript of the petitioner's plea hearing is not part of the record before us, we glean the following from this Court's summary of the facts in the Court's opinion from the post-conviction appeal: The petitioner agreed to plead guilty to possession with intent to sell less than half a gram of cocaine within a drug free school zone in exchange for a sentence of twelve years as a Range II offender. *Id.* at *1. The petitioner was required to serve the entire twelve-year sentence in confinement "day for day, prior to release consideration" due to his drug possession in a school zone. *Id.* The petitioner also agreed to plead guilty to possession of a firearm with the intent to go armed during the commission of a dangerous felony in exchange for a sentence of three years. *Id.* For that offense, the

petitioner was required to serve one hundred percent of the sentence in confinement "with some reduction up to 15 percent." *Id.* The three-year sentence was to be served consecutively to the twelve-year sentence. *Id.* The petitioner additionally agreed to plead guilty to possession of marijuana in exchange for a sentence of eleven months and twenty-nine days, and criminal trespass in exchange for a sentence of thirty days. *Id.* Under the terms of the plea agreement, the misdemeanor sentences were to be served concurrently with each other and with the twelve-year sentence. *Id.* Trial counsel agreed the terms announced by the State were correct. *Id.*

The opinion further reflects that before the trial court accepted the plea agreement, it informed the petitioner that his pleas must be entered voluntarily and that he could not be forced to plead guilty. *Id.* at *2. The trial court reiterated "the agreement is a total effective sentence of 12 years at 100 percent, plus three years at least 85 percent, so that'd be 15 years." *Id.* The petitioner acknowledged the trial court correctly summarized his understanding of the plea agreement, he had reviewed the plea agreement with trial counsel, and he understood the agreement. *Id.* The petitioner also acknowledged that he understood the rights he was forfeiting by pleading guilty and that he was pleading guilty freely, voluntarily, and knowingly. *Id.* The trial court warned "there will be no further proceedings or hearings to determine your guilt in these cases. This is the final step. This is it." *Id.* The trial court asked the petitioner if he had any questions, and the petitioner responded he did not. *Id.* The State recited the factual basis for the pleas, and the trial court gave the petitioner another opportunity to speak but he declined. *Id.* The trial court then accepted the petitioner's guilty plea, reiterating the petitioner was receiving "a total 15-year sentence. The first 12 years at 100 percent, . . . the next three years at a minimum of 85 percent." *Id.*

It appears the petitioner filed a pro se motion to correct a clerical mistake or error on December 18, 2017.[1] In his motion, the petitioner asked the trial court to make two corrections: (1) remove the handwritten inscription of "Range II and 100%" on the rights waiver form and (2) grant pretrial jail credit for the entire period from May 6, 2010 through December 7, 2012, which he claims were erroneously omitted from the judgment. On April 12, 2021,[2] the trial court appointed current counsel who subsequently filed an amended motion to correct clerical mistakes. In the amended motion, the petitioner asserted: (1) he should have been sentenced as a Range I offender on the possession with intent to sell conviction because the plea waiver he signed prior to the trial court's acceptance of the plea stated the possible range of punishment was eight to twelve years,

---

[1] This motion is not in the record before us, so we glean the relevant information from the trial court's subsequent order in this matter.

[2] The reason for the lapse of time is not clear from the record.

the equivalent of a Range I sentence, but the waiver was altered with the annotations of "Range II" and "100%" after the petitioner signed it and (2) he was erroneously given only partial pretrial jail credit for time spent in custody from May 6, 2010 through December 7, 2012 although he was in either State or county custody the entire period.

The trial court conducted a hearing on September 16, 2021. The petitioner testified that he believed he was pleading guilty as a Range I offender and, when he signed the paperwork, it indicated a sentencing range of eight to twelve years without the handwritten notation of "Range II." The petitioner claimed he learned of the handwritten notation about a month later when he received a copy of the plea agreement. The petitioner also claimed that trial counsel never discussed with him pleading to a Range II sentence and that he first became aware of the Range II sentence when the district attorney announced it during the plea hearing. The petitioner asserted trial counsel testified at the post-conviction hearing that the handwritten notation was not on the paperwork when he signed it. The petitioner averred the handwritten notation was a clerical mistake. The petitioner agreed the judgment reflected the oral announcement of the plea agreement; however, he claimed the actual plea agreement document itself was altered after he signed it.

Concerning his pretrial jail credits, the current counsel argued on the petitioner's behalf that the petitioner was entitled to credit for the time he was held in State custody. Counsel acknowledged the petitioner was serving another sentence at the time but alleged that because Knox County had a hold on the petitioner, he was effectively being held on both simultaneously. Counsel maintained it was the petitioner's understanding of the plea agreement that he would receive credit for all the time he served, and it was "simply a mistake based on how things [we]re usually done" that he only received credit for the time he physically served in Knox County and not for the entire time between his arrest and the day he made bond.

After reviewing the issue, the trial court entered a written ruling, granting the petitioner's motion in part and denying his motion in part. With regard to the handwritten Range II note on the rights waiver form, the trial court noted that this Court had extensively addressed the issue in the petitioner's appeal from the denial of his post-conviction petition and quoted from this Court's analysis. After reviewing this Court's decision and the record in the present case, the trial court determined "it is clear that the 'Range II at 100%' language in the rights waiver form was not an error in the record" but instead "accurately set forth the agreement reached between the [petitioner] and the State, as he affirmed under oath on multiple occasions during the plea colloquy." The trial court also noted the petitioner conceded at the Rule 36 hearing that he had assented to the effective fifteen-year sentence but hoped the conflict in the record would later be resolved in his favor allowing him to only serve the first eight years at 100%. The trial court concluded that the petitioner's "gamesmanship on this point does not create error in a record where none

- 4 -

exists[,]" as the petitioner "repeatedly and under oath, agreed to an effective 15-year sentence at 100-percent."

With regard to the petitioner's pretrial jail credit claim, the trial court noted the petitioner sought "uninterrupted pretrial jail credit from May 6, 2010 through December 7, 2012." The court detailed the time periods for which the petitioner had been awarded credit and then determined there were some inaccuracies in the calculations entitling the petitioner to approximately sixty-five more days of credit. However, the petitioner was not "entitled to the entire, uninterrupted period between May 6, 2010 and December 7, 2012 on this judgment, because he was not 'committed and held in the . . . county jail or workhouse, pending arraignment and trial' during that entire time." The trial court observed that if the petitioner "was held in the custody of the Department of Correction during these interim periods, that will be reflected in the records of TDOC, and any credit due on this judgment as a result of that detention will be awarded accordingly as part of TDOC's sentence calculations."

*Analysis*

On appeal, the petitioner claims the trial court erred in denying his motion to correct a clerical error, asserting that his twelve-year sentence for possession with intent to sell was imposed based on a clerical error in the plea waiver form and that he should have received pretrial jail credits for the uninterrupted period from May 6, 2010 through December 7, 2012. The State submits "the record supports the trial court's conclusion that the handwritten notation on the plea waiver form does not constitute a clerical error." The State also insists that the petitioner "failed to provide an adequate record for review of his pretrial jail credit claim." Upon our review, we agree with the State and affirm the decision of the trial court.

Under Tennessee Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Clerical errors "'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011)). "Where a trial court fails, by reason of clerical mistake, oversight, or omission, to record a defendant's sentence accurately on a judgment, the trial court maintains the power to correct the clerical error under Rule 36." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). "To determine whether the judgment contains a clerical error, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements," which is controlling. *Id.* As this Court has previously explained:

"[T]he record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final."

*State v. Hobert Dean Davis*, No. E2000-02879-CCA-R3-CD, 2002 WL 340597, at \*3 (Tenn. Crim. App. Mar. 4, 2002) (quoting *State v. Jack Lee Thomas, Jr.*, No. 03C01-9504-CR-00109, 1995 WL 676396, at \*1 (Tenn. Crim. App. Nov. 15, 1995). A trial court's ruling on a Rule 36 motion is reviewed under an abuse of discretion standard. *Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at \*3 (Tenn. Crim. App. Mar. 7, 2014).

### I.    Offender Classification

We initially note that the petitioner does not claim the judgment contains a clerical error; rather, he alleges there was a clerical error on the plea agreement form that led to his pleading guilty to a Range II sentence on the possession with intent to sell conviction. However, upon review, we cannot conclude the trial court abused its discretion in determining "it is clear that the 'Range II at 100%' language in the rights waiver form was not an error in the record" but instead "accurately set forth the agreement reached between the [petitioner] and the State, as he affirmed under oath on multiple occasions during the plea colloquy." As this Count recounted in its opinion on post-conviction appeal, the State summarized the terms of the plea agreement at the plea hearing, informing the court that the petitioner agreed to plead guilty to possession with intent to sell less than half a gram of cocaine within a drug free school zone in exchange for a sentence of twelve years as a Range II offender and that the petitioner would serve the entire twelve-year sentence in confinement "day for day, prior to release consideration[.]" Defense counsel agreed that the terms announced by the State were correct, and the petitioner personally acknowledged more than once that he was agreeing to "a total effective sentence of 12 years at 100 percent, plus three years at least 85 percent, so that'd be 15 years." As such, aside from the petitioner's self-serving testimony at this juncture, all evidence indicates the handwritten notation of "Range II and 100%" was not a clerical error, but instead, an accurate reflection of the terms of the plea agreement which was thereafter accurately reflected on the judgment.

Moreover, to the extent the petitioner is claiming his guilty plea was unknowing and involuntary because he thought he was pleading guilty to a Range I sentence, such has

already been reviewed and rejected by this Court. *See Malik Hardin*, 2019 WL 5491723, at *6 and *8.

## II. *Pretrial Jail Credits*

Next, the petitioner argues he should have received pretrial jail credits for the uninterrupted period from May 6, 2010 through December 7, 2012, some of which he was in State custody rather than custody in Knox County.

> Whenever a defendant receives a sentence of imprisonment,
>
> the trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Tenn. Code Ann. § 40-23-101(c). Failure to award pretrial jail credits is a clerical error. *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). A clerical error does not render the sentence illegal. *Id.*

The petitioner acknowledges his "argument is not that time due under that statute was denied to him – rather that the statute does not preclude the award of other pre-trial jail credits by agreement." He claims that as part of his agreement with the State, he should have received credit for all time served prior to his plea. The petitioner, however, has failed to provide any proof that the awarding of pretrial jail credits for the uninterrupted time period from May 6, 2010 through December 7, 2012, including periods in State custody, was part of his plea agreement. During its argument on the issue at the Rule 36 hearing, the State informed the trial court:

> [T]his agreement was worked out well before I took this case. I don't have anything in my file indicating that when he pled he was going to receive any additional time for when he was in TDOC on other cases. If that's not in the plea paperwork . . . I have no way of saying that that was the understanding or the agreement. I have nothing in here that indicates that.

The record contains no documentation setting forth the terms of the petitioner's plea agreement, and the petitioner himself did not testify about the issue at the Rule 36 hearing. The petitioner has failed to establish a clerical error in the judgment, and the trial court properly denied relief under Rule 36.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____

J. ROSS DYER, JUDGE